# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| LISA C. WHITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 08-CV-01525-MSK-BNB |
| | ) |
| MERCK & CO., INC, | ) |
| | ) |
| Defendant. | ) |

## **AMENDED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential documents, materials and information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Amended Protective Order ("Protective Order") shall apply to all documents, materials, and information (collectively "information"), including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information that constitutes trade secret or other confidential research, development or commercial information that is subject to the protections of Fed. R. Civ. P. 26(c)(1)(G). No information that is publicly available shall be designed as "CONFIDENTIAL." All CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Merck's counsel shall have reviewed information designated as "CONFIDENTIAL" prior to production and shall have designated information as "CONFIDENTIAL" based on a good

faith belief that the information is, indeed, confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. the parties' counsel;

   b. persons regularly employed or associated with the parties' counsel and whose assistance is required by counsel in preparation for trial, at trial, or at other proceedings in this case;

   c. the parties;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees ("Court Personnel");

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. deponents, witnesses, or potential witnesses; and

   h. other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. No copies of CONFIDENTIAL information shall be made except by or on behalf of counsel in this litigation. Such copies shall be made and used solely for purposes of this litigation. During this litigation, counsel shall retain custody of CONFIDENTIAL information, and copies made therefrom.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this

Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Counsel for the parties may retain CONFIDENTIAL information for up to three (3) years from the date of the termination of this litigation, including any appeals. Such CONFIDENTIAL information shall be retained only for purposes of complying with malpractice insurance requirements or defending a malpractice lawsuit brought by a party to this litigation. During the three-year period, the remaining terms and conditions of this Protective Order shall remain in effect. CONFIDENTIAL information and copies of such information retained by counsel shall be destroyed at the end of the three-year period. A *pro se* party must return CONFIDENTIAL information as well as each and every copy of such information within thirty (30) days following the resolution of this litigation, including any appeals, to the party from whom the CONFIDENTIAL information originated.

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of the information produced.

13. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion addressing how CONFIDENTIAL information shall be treated at trial.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated February 9, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge